UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PEGGY WAY, | : | NO. 1:10-CV-535 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 10), to which there were no objections. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

Plaintiff filed an application for Supplemental Security Income (SSI) in May, 2004, alleging a disability onset date of January 27, 2002 (doc. 10). The application was initially denied in August 2004 and upon reconsideration on January 21, 2005 (Id.). Plaintiff requested and was granted a de novo hearing before administrative law judge (ALJ) Samuel A. Rodner on September 1, 2006 (Id.). ALJ Rodner denied Plaintiff's SSI application on the ground that Plaintiff had not been under a disability as defined in the Social Security Act since October 28, 2003, the date the application was protectively filed (Id.). Plaintiff filed another application on February 23, 2007, which was denied both initially

and upon reconsideration (Id.).  Plaintiff requested and was granted a de novo hearing before ALJ Deborah Smith on June 30, 2009 (Id.).  During the hearing, Plaintiff amended the alleged onset date of disability to February 23, 2007, the protective filing date of the application (Id.).  ALJ Smith denied Plaintiff's SSI application on July 22, 2009, determining that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with additional postural limitations (Id.).

In her Report and Recommendation, the Magistrate Judge stated that Plaintiff's argument is two-fold (Id.).  First, that ALJ Rodner erroneously relied on vocational expert (VE) testimony which did not accurately reflect her RFC (Id.).  And second, that ALJ Smith erred by failing to consider new and material evidence showing her condition had worsened since ALJ Rodner issued his decision, and by failing to elicit new VE testimony which took the functional limitations imposed by her worsened condition into account (Id.).  The Magistrate Judge rejected the first prong of Plaintiff's argument, stating that Plaintiff cannot challenge ALJ Rodner's findings at this point because she did not appeal within 60 days of the Appeals Council's notice of its decision to deny review (Id.).  The Magistrate Judge also rejected the second prong of Plaintiff's argument, finding that ALJ Smith's decision that there is no new and material evidence showing Plaintiff's condition

had worsened was supported by substantial evidence (Id.).  As the Magistrate Judge found that ALJ Smith thoroughly reviewed the medical evidence for the period subsequent to ALJ Rodner's decision, and evidence lacked that Plaintiff's condition had worsened, the Magistrate Judge found ALJ Smith was bound by ALJ Rodner's findings (Id.).  Accordingly, the Magistrate Judge found ALJ Smith's decision that Plaintiff has not been under disability at any time since February 23, 2007 supported by substantial evidence, and that such decision should be affirmed (Id.).

Having reviewed this matter, noting no objections, the Court finds the Magistrate Judge's analysis complete, thorough, and well-reasoned.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10) and AFFIRMS the decision of the Commissioner, denying Plaintiff's application for SSI.  This matter is dismissed from the Court's docket.

SO ORDERED.


DATED: August 24, 2011            s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge

3